Christian Johnson et al., Defendants in Error, v. William H. McFadden, Plaintiff in Error.

Gen. No. 14,301.

APPEALS AND ERRORS—*when finding of court reversed.* A finding by the court manifestly and palpably against the preponderance of the evidence will be reversed on review.

Error to the Municipal Court of Chicago; the Hon. JUDSON F. GOING, Judge, presiding. Heard in this court at the March term, 1909. Reversed. Opinion filed March 4, 1909.

SAUL C. ERBSTEIN, for plaintiff in error.

COLEMAN S. EVERETT, for defendants in error.

MR. PRESIDING JUSTICE ADAMS delivered the opinion of the court.

The plaintiffs, Christian Johnson and John Tolls-

ton, sued the defendant, William H. McFadden, for a breach of warranty in the sale of a horse claimed to have been made by him to them. The cause was tried by the court, without a jury, and the court found for the plaintiffs and assessed their damages at $180, overruled defendant's motion for a new trial and rendered judgment on the finding.

The plaintiffs are partners and are engaged in the ice business, in the name "The Star Ice Co." The defendant is a dealer in horses and keeps a horse stable. The defendant's counsel claims that the finding of the court is contrary to the evidence. The plaintiff, Tollston, purchased the horse of Joseph A. Sherwin, at McFadden's stable, paid the purchase price, $180, to Sherwin and took Sherwin's receipt for the same. This is testified to both by Tollston and Sherwin. Tollston testified that McFadden was at the stable when he bought the horse of Sherwin, but he did not talk to McFadden. The horse not proving satisfactory to the plaintiffs, they, on a subsequent day, took it back to the stable, where they saw McFadden, and Tollston testified, as did also McFadden, that McFadden told them that that they would have to wait for Sherwin, who was absent, which they did, and all subsequent arrangements were with Sherwin.

It appears from the evidence, and is uncontradicted, that Sherwin is a horse dealer and had stall-room in McFadden's stable, and kept horses there, including the one in question, and that the horse in question, which it is claimed was warranted sound, belonged to him. The plaintiffs both testify that McFadden called Sherwin his partner, which McFadden positively denies, and he and Sherwin testified that they were never in partnership. Tollston testified that the name on the stable was "McFadden's Sale Stable," and that the name "McFadden" was on the window. There is not a particle of evidence that McFadden ever held himself out to the public as a partner of Sherwin. Moreover, the suit is not brought on the

theory that McFadden and Sherwin are partners, or were such when the horse was purchased. If they were partners, then the sale and alleged warranty by Sherwin were the sale and warranty of both, and they would be jointly liable; but only McFadden is sued. The evidence is uncontradicted that Sherwin owned the horse, that Tollston, who purchased the horse, dealt solely with Sherwin; that he paid the purchase price to Sherwin and took a receipt therefor in Sherwin's name, and that Sherwin, if any one, warranted the horse.

The finding of the court is manifestly and palpably against the preponderance of the evidence, and the judgment will be reversed.

*Reversed.*